UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MAURICE L. PURTTY,** ) | **CASE NO.  1:13 CV 1204** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY ADMIN.,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge James R. Knepp III. (Doc #15 ("R&R")).  Magistrate Judge Knepp recommends that the Court affirm the final decision of the Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff Maurice L. Purtty's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Purtty has filed objections to the R&R.  (Doc # 16 ("Objections")).  Having reviewed the record, the R&R and the objections thereto, the Court adopts the R&R, affirms the ALJ's decision and dismisses the case.

Plaintiff's Objections concern the opinions of two doctors who examined Plaintiff, Dr. Eulogio Sioson and Dr. Dorothy Bradford.  On August 13, 2009,  Dr. Sioson performed a consultive examination of Plaintiff.  Based on the objective medical evidence, Dr. Sioson concluded that "no restriction to work-related activities seem evident."  (Tr. at 336)  However,

Dr. Sioson opined that "if one considers limitation of range of motion from pain" Plaintiff would be limited to sedentary work-related activities.  Dr. Bradford, who examined plaintiff on June 2, 2011, provided a slightly more restrictive assessment than Dr. Sioson.  Dr. Bradford found that because Plaintiff has a loss of sensation and numbness in his hands and feet, his ability to grasp, stand and operate foot controls is affected.  Nonetheless, Dr. Bradford determined that Plaintiff can lift up to ten pounds, sit for eight hours, stand for six hours, walk for three hours and frequently use his hands.  The only physical activities that Dr. Bradford found that Plaintiff can never perform are activities defined as "postural activities" (e.g., climbing ladders, stairs and ramps) and operating foot controls.

The ALJ judge found that Plaintiff retains the RFC to do a range of sedentary work.  Specifically, he can lift, carry, push, and/or pull a maximum of ten pounds, he can sit for six hours and he can stand and/or walk two hours in an eight-hour workday with normal breaks.  In arriving at the RFC determination for Plaintiff, the ALJ explained that he gave "great weight" to Dr. Sioson's opinion and found that  Dr. Bradford's observations "were generally consistent with Dr. Sioson's objective medical findings."

Plaintiff argues that Magistrate Judge Knepp erred by finding that the ALJ, in forming the RFC for Plaintiff, appropriately relied on Dr. Sioson's opinion.  The basis for Plaintiff's argument appears to be twofold.  First, Plaintiff asserts that "the ALJ did not properly articulate his reason for rejecting the opinion of Dr. Bradford."  Second, Plaintiff contends that the ALJ should have adopted Dr. Bradford's limitations in making the RFC determination for Plaintiff because Dr. Bradford examined Plaintiff almost two years after Dr. Sioson, and, therefore, his "examination more accurately reflects the progression of his disease and his limitations at the

time of the hearing." In the R&R, Magistrate Judge Knepp determined that the ALJ adequately explained his treatment of Dr. Bradford's opinion and that Dr. Bradford's findings were generally consistent with Dr. Sioson's. The Court agrees.

As Magistrate Judge Knepp recognized, the ALJ explained his treatment of Dr. Bradford's opinion; he determined that Dr. Bradford's objective findings were generally consistent with Dr. Sioson's. Plaintiff complains that this explanation is insufficient because several of Dr. Bradford's findings were different from Dr. Sioson's. However, this argument is not persuasive because most of Dr. Bradford's findings were in fact consistent with Dr. Sioson's. As noted above, Dr. Bradford found, among other things, that Plaintiff can lift up to 10 pounds, sit for eight hours, stand for six hours and walk for three hours. The ALJ, in adopting Dr. Sioson's opinion and determining that Plaintiff has the RFC to do sedentary work, either made the same findings as Dr. Bradford or made findings that were even more restrictive than Dr. Bradford's. For instance, the ALJ found that Plaintiff can stand for two hours with normal breaks, whereas Dr. Bradford found that Plaintiff can stand a total of six hours in an eight-hour workday for one hour at a time without interruption. While the ALJ did not adopt all of Dr. Bradford's limitations, as Magistrate Judge Knepp noted, "the law does not require an ALJ to explain each limitation or restriction he adopts, or, conversely, does not adopt from a consultive examiner's opinion." R&R at 13. Accordingly, this objection is overruled.

The Court also overrules Plaintiff's objection that the ALJ should have adopted Dr. Bradford's limitations because he examined plaintiff two years after Dr. Sioson. First, as noted above, the ALJ did adopt many of Dr. Bradford's limitations. Second, as Magistrate Judge Knepp recognized, Dr. Sioson's examination of the Plaintiff took place within the alleged onset

period beginning August 1, 2009.

For these reasons, the Court hereby **ADOPTS** the R&R (**Doc #: 15**) and **OVERRULES** the Objections (**Doc #: 16**).

**IT IS SO ORDERED.**

 *Dan A. Polster    July 10, 2014*
**Dan Aaron Polster**
**United States District Judge**